# EXHIBIT C

 **CT Corporation**

**Service of Process Transmittal**
03/19/2019
CT Log Number 535123490

TO: L&R Home Office Intake Unit
Allstate Insurance Company
3075 Sanders Rd Ste G4A
Northbrook, IL 60062-7119

RE: **Process Served in Texas**

FOR: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY  (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | NANCY ROBERSON, PLTF. vs. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | Citation, Return, Petition |
| **COURT/AGENCY:** | 284th Judicial District Court Montgomery County, TX<br>Case # 190303679 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/19/2019 at 13:25 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition |
| **ATTORNEY(S) / SENDER(S):** | Chad T. Wilson<br>Chad T Wilson Law Firm PLLC<br>455 E. Medical Center Blvd, Suite 555<br>Webster, TX 77598<br>832-415-1432 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/19/2019, Expected Purge Date: 03/24/2019<br><br>Image SOP<br><br>Email Notification,  L&R Home Office Intake Unit<br> LawSOPIntakeUnitCT@allstate.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>214-932-3601 |

Page 1 of  1 / ZB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# CITATION

### Cause Number: 19-03-03679

| | |
|---|---|
| Clerk of the Court | Attorney Requesting Service |
| Melisa Miller | Chad T. Wilson |
| P.O. Box 2985 | 455 East Medical Center Blvd Suite 555 |
| Conroe, Texas 77305 | Webster TX  77598 |

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued.  You may employ an attorney.  If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

To:   Allstate Vehicle and Property Insurance Company
      C/O CT Corporation System
      1999 Bryan St
      Suite 900
      Dallas TX  75201-3136

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition, Jury Demand, and Request for Disclosure at or before 10:00 A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 284th Judicial District Court Montgomery County, Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's Original Petition, Jury Demand, and Request for Disclosure was filed in said court on this the 13th day of March, 2019 numbered 19-03-03679 on the docket of said court, and styled, Nancy Roberson VS. Allstate Vehicle and Property Insurance Company,Kristee Eldridge,Edward Felchak,Britt Morton

The nature of plaintiff's demand is fully shown by a true and correct copy of the  Plaintiff's Original Petition, Jury Demand, and Request for Disclosure accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 14th day of March, 2019.

(SEAL)

Melisa Miller, District Clerk
Montgomery County, Texas

By: _____

Ryan Rendon, Deputy

# OFFICER'S RETURN

Cause No. 19-03-03679                                        Court No: 284th Judicial District Court
Style: Nancy Roberson VS. Allstate Vehicle and Property Insurance Company,Kristee Eldridge,Edward
Felchak,Britt Morton
To:       Allstate Vehicle and Property Insurance Company
Address:    C/O CT Corporation System
          1999 Bryan St
          Suite 900
          Dallas TX  75201-3136

Came to hand the _5th_ day of _March_____, 20_19_, at _4:30_ o'clock, and executed in _____ County,
Texas by delivering to each of the within named defendants in person, a true copy of this citation with the date of
delivery endorsed thereon, together with the accompanying copy of the  Plaintiff's Original Petition, Jury Demand,
and Request for Disclosure at the following times and places, to wit:

Name          Date/Time        Place, Course and distance from Courthouse

_____

Manner of service: _____

*And not executed as to the defendants(s) _____
The diligence used in finding said defendant(s) being:

_____

And the cause of failure to execute this process is:

_____

And information received as to the whereabouts of said defendant(s) being:

_____

**FEES:**
Serving Petition and Copy    $_____

                                        _____**OFFICER**

**TOTAL**          $_____
                                        _____**County, Texas**

                                  By: _____, **Deputy**

## AFFIANT

Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In accordance with Rule 107: the
officer, or authorized person who services, or attempts to serve a citation shall sign and return. The return must
either be verified or be signed under penalty of perjury.

A return signed under penalty of perjury must contain the statement
below in substantially the following form:
My full name is _____
My date of birth is ___/___/___, and my address is
_____.
I DECLARE UNDER PENALTY OF PERJURY THAT THE
FOREGOING IS TRUE AND CORRECT
Executed in_____, County, State of _____, on
the _____ day of _____, 20____.

_____
Declarant/Authorized Process Server

_____
ID# & Exp. Of Certification

_____
Declarant/Authorized Process Server

_____
ID# & Exp. Of Certification

SWORN AND SUBSCRIBED ON

_____
DATE

_____
NOTARY

Received and E-Filed for Record
3/13/2019 6:20 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Morgan Alexander

19-03-03679

CAUSE NO. _____

| | | |
|---|---|---|
| NANCY ROBERSON, | § | IN THE JUDICIAL COURT |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | |
| | § | MONTGOMERY COUNTY, TEXAS |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY, KRISTEE | § | Montgomery County - 284th Judicial District Court |
| ELDRIDGE, BRITT MORTON, AND | § | |
| EDWARD FELCHAK, | § | |
| | § | |
| DEFENDANTS. | § | _____ DISTRICT COURT |

---

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Nancy Roberson, ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of Allstate Vehicle and Property Insurance Company ("Allstate"), Edward Felchak ("Felchak"), Kristee Eldridge ("Eldridge"), and Britt Morton ("Morton") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2. Plaintiff, Nancy Roberson, resides in Montgomery County, Texas.

3. Defendant, Allstate Vehicle and Property Insurance Company, is a Texas insurance company engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon Allstate Vehicle and Property Insurance Company through its

registered agent for service:  **CT Corporation System, 1999 Bryan Street Suite 900, Dallas, Texas 75201-3136**.  Plaintiff requests service at this time.

### JURISDICTION

4.   The Court has jurisdiction over Allstate because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Allstate's business activities in the State of Texas, including those in Montgomery County, Texas, with reference to this specific case.

### VENUE

5.   Venue is proper in Montgomery County, Texas because the insured property is located in Montgomery County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Montgomery County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

### FACTS

6.   Plaintiff asserts claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, negligence, gross negligence, and violations of the Texas DTPA.

7.   Plaintiff owns an Allstate Vehicle and Property Insurance Company homeowner's insurance policy, number 000836346830 ("the Policy").  At all relevant times, Plaintiff owned the insured premises located at 44 Fairfield Drive, Montgomery, Texas 77356-8252 ("the Property").

8.   Allstate or its agent sold the Policy, insuring the Property, to Plaintiff.  Allstate or its agent represented to Plaintiff that the Policy included personal property coverage for exterior and

2

interior damage to Plaintiff's home. Allstate has refused the full extent of that coverage currently owed to Plaintiff.

9.  On or about February 9, 2016, Plaintiff called in a claim for hail damage to her roof after being told by a neighbor that her roof had sustained hail damage. The claim was assigned number 0401293989. After Plaintiff called the claim in, Allstate also assigned a date of loss to her claim of January 8, 2016. This is not a date Plaintiff gave to Allstate. The claim was then assigned to adjuster Britt David Morton.

10. On or about February 16, 2016, Morton inspected the Property and found that some of the soft metals had sustained hail damage, but that the shingles themselves were not damaged and were in great condition. Morton found that Plaintiff's loss ultimately did not exceed her deductible. After his inspection, Morton explained his findings to Plaintiff, and Plaintiff relied on Morton's findings as true—that there was no hail damage to the shingles on her roof.

11. Just a few months later, during the early hours of April 27, 2016, the Property sustained extensive windstorm, hail, and water damage resulting from a severe storm when a tree fell on Plaintiff's property and woke her from her sleep.

12. Plaintiff submitted another claim to Allstate against the Policy for damage to the Property the very next morning.

13. Allstate assigned claim number 041122845 to Plaintiff's claim.

14. Plaintiff asked Allstate to cover the cost of damage to the Property pursuant to the Policy.

15. Allstate assigned or hired both Felchak and Eldridge to adjust the claim.

16. Allstate, through its agents, conducted a substandard and improper inspection and

3

adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

17. The initial adjustment of claim number 041122845 occurred on May 3, 2016.

18. Felchak found damage to select portions of the roof, exterior fascia, A/C conditioner, a bathroom, bedroom, and closet.

19. Regarding the roof, Felchak stated in his estimate that "[t]he only slope damaged by the tree top was the farthest north and the adjacent south slope at the front of the house." As a result of the alleged tree damage, Felchak determined that only 9.87 roof squares needed to be replaced, or roughly 20% of the roof.

   a. However, Felchak failed to write up an estimate for other damage to the Property affected by the storm, but not necessarily by the falling tree. Specifically, Felchak failed to account for any hail or storm damage to the rest of the roof. It is Plaintiff's contention that the entire roof needs to be replaced as a result of widespread damage to the left, right, back, and front slopes of the roof.

   b. Felchak ultimately calculated the replacement cost value of damage to the Property at $8,163.01.

20. Eldridge was assigned as the inside adjuster on the claim, and adjusted Plaintiff's mold damage that ensued from the tree puncturing Plaintiff's roof. However, Eldridge did not make any changes to Felchak's original assessment of the roof and left that portion of the estimate as is.

21. It was not until hiring a third party estimator around August 2016 did Plaintiff become aware that there was, in fact, hail damage to her shingles. Given her reliance on Allstate's

4

two prior adjustments, there was no way Plaintiff would have reasonably become aware of the hail damage any sooner.

22. Furthermore, based on the weather data that Plaintiff acquired, it appears that there were two hailstorms that passed through Plaintiff's Property around the times that Morton and Eldridge adjusted damage to the Property. These storms occurred on January 1, 2016 (as noted in the first claim Plaintiff filed) and May 1, 2016 (two days before Felchak inspected Plaintiff's Property).

23. However, despite a storm occurring two days before he inspected, Felchak failed to note any hail damage to the Property from that storm, or from the storm occurring on January 1, 2016, and only wrote up damage caused by the tree.

24. What this means is that Felchak either intentionally or recklessly overlooked the hail damage that was already present on the roof by the time he inspected the Property.

25. In similar fashion, what this means for Morton is that he may have also either intentionally or recklessly overlooked the hail damage that was already present on the roof by the time he inspected the Property.

26. Felchak, Morton, and Eldridge's adjustment of the claims was problematic because:

   a. Felchak, Morton, and Eldridge had a vested interest in undervaluing the claims assigned to them by Allstate in order to maintain their employment. The disparity in the number of damaged items in their reports compared to that of Plaintiff's is evidence of fraud on the part of Felchak, Morton, and Eldridge. The valuation of damages that were included in their reports compared to Plaintiff's is also evidence of fraud on the part of Felchak and Eldridge.

5

b. Felchak Eldridge, and Morton made misrepresentations as to the amount of damage Plaintiff's Property sustained, as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiff's Property.

27. Allstate has ultimately refused full coverage which includes but is not limited to damage to the interior of Plaintiff's home. Plaintiff's roof alone cost $13,482.73 for replacement, which Plaintiff was forced to pay without the assistance of Allstate as she continued awaiting Allstate's contractually and statutorily-owed assistance with making necessary repairs to her property.

28. As stated above, Allstate improperly adjusted Plaintiff's claim. Without limitation, Allstate misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under the Policy.

29. Allstate made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Allstate made these false representations with the intent that Plaintiff act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared by Allstate.

30. Plaintiff relied on Allstate's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations.

31. Upon receipt of the inspection and estimate reports from Felchak, Eldridge, and Morton,

6

Allstate failed to assess the claim thoroughly. Based upon Allstate's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Allstate failed to provide coverage due under the Policy, and Plaintiff suffered damages.

32.     After receipt of Plaintiff's initial demand letter, Defendant refused to conduct further meaningful investigation into Plaintiff's claim. This complete disregard and delay is inexcusable. To date, the damage to Plaintiff's home remains unpaid by Defendants despite the ongoing efforts by Plaintiff and her counsel to obtain relief from Allstate since 2016.

33.     Because Allstate failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property aside from those she pays for at significant inconvenience and strain to her own resources. This has caused additional damage to Plaintiff's Property.

34.     Furthermore, Allstate failed to perform its contractual duties to Plaintiff under the terms of the Policy. Specifically, Allstate refused to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

35.     Defendants' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Allstate and Plaintiff.

36.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement

7

Practices. TEX. INS. CODE §541.060(a)(1). Defendants have not attempted to settle Plaintiff's claim in a fair manner, even though Defendants were aware of Allstate's liability to Plaintiff under the Policy. Specifically, Defendants have failed to timely pay Plaintiff's coverage due under the Policy.

37.   Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Defendants failed to provide Plaintiff a reasonable explanation for not making the full payment under the terms of the Policy.

38.   Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Defendants refused to provide full coverage due to Plaintiff under the terms of the Policy. Specifically, Allstate, through its agents, servants, and representatives, namely Eldridge, performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

39.   Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Defendants failed to reasonably accept or deny Plaintiff's full claim within the statutorily mandated time after receiving all necessary information.

40.   Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Defendants failed to meet their obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Defendants have delayed payment of Plaintiff's claim longer than allowed, and Plaintiff has not received full payment for the claim.

8

41.   Defendants' wrongful acts and omissions forced Plaintiff to retain the professional services of the attorneys and law firm representing Plaintiff with respect to these causes of action. To date, despite ongoing efforts to resolve this dispute, Allstate continues to provide insufficient funds to compensate Plaintiff for its breaches of duties. To date, Plaintiff and her counsel have expended more than sixty thousand dollars ($60,000) in attorney time, fees, and litigation expenses on top of the out of pocket expenses for repairs that Plaintiff was forced to incur to complete some repairs to storm-damaged portions of her dwelling.

42.   In 2018, after extensive litigation of her claims against Allstate, Plaintiff was forced to nonsuit her original cause of action (Cause 16-09-10159 in Montgomery County Court at Law Number 2) against Defendants (including adjusters that are not part of this new lawsuit due to Allstate's Tex. Ins. Code 542A.006 election of legal responsibility) in order to re-plead her case at a higher level of damages due to unanticipated, bad faith tactics employed by Defendants and their counsel that led Plaintiff to incur excessive expenses and legal fees pursuing justice upon her claims.

43.   Following refiling of Plaintiff's complaint in 2018, Allstate removed Plaintiff's second action on these matters to the Unite States District Court for the Southern District of Texas, Houston Division, where it was assigned the Civil Action number 4:18-CV-02106 and Honorable Judge David Hittner's court. Counselor Susan E Egeland of the law firm Drinker, Biddle, & Reath LLP signed an affidavit swearing that Allstate did not receive proper notice prior to Plaintiff's new action, arguing Allstate deserved time to further investigate the property damages and make pre-litigation settlement offers. Defendants moved for dismissal of Plaintiff's case or abatement until sixty days after notice was given.

9

Plaintiff then elected to nonsuit her complaints without prejudice to provide Defendants the notice they desired, further inspect the Property, and attempt to resolve Plaintiff's complaints within the statutory pre-suit period.

44. Honorable Judge Hittner signed an order of nonsuit on August 14, 2018.

45. Between August 2018 and March 2019, Allstate and its counsel made no new attempts to settle Plaintiff's complaints, made no new attempts to further inspect Plaintiff's Property, and even refused to allow the mediator the parties previously used to negotiate this dispute during the first phase of litigation (Will Cannon; 2144 Harold Street, Houston, Texas 77098; 713-871-0333 office; 713-871-8671 fax) to assist with meaningful negotiations.

46. Plaintiff has afforded Allstate more than adequate time for statutory notice, inspection, and attempts to settle her complaints. Allstate made no attempts to negotiate or resolve this dispute, thus Plaintiff is forced to seek judicial intervention once again.

## CAUSES OF ACTION AGAINST DEFENDANT
## ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

### BREACH OF CONTRACT

47. All allegations above are incorporated herein.

48. Allstate is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Allstate and Plaintiff.

49. Allstate's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

10

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

50. All allegations above are incorporated herein.

51. Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

52. Allstate's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

53. Allstate's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

54. Allstate's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

55. Allstate's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

56. Allstate's unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

11

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

57.   All allegations above are incorporated herein.

58.   Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable by TEX. INS. CODE §542.060.

59.   Allstate's failure to notify Plaintiff in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

60.   Allstate's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

61.   All allegations above are incorporated herein.

62.   Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

63.   Allstate's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Allstate knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

64.   All allegations above are incorporated herein.

65.   Allstate's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Allstate pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Allstate. Specifically, Allstate's violations of the DTPA include, without limitation, the following matters:

A.   By its acts, omissions, failures, and conduct, Allstate has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Allstate 's violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's Property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.   Allstate represented to Plaintiff that the Policy and Allstate's adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.   Allstate also represented to Plaintiff that the Policy and Allstate's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.   Furthermore, Allstate advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

13

E.   Allstate breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.   Allstate's actions are unconscionable in that Allstate took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Allstate's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G.   Allstate's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

66.   Each of the above-described acts, omissions, and failures of Allstate is a producing cause of Plaintiff's damages. All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

67.   All allegations above are incorporated herein.

68.   Allstate is liable to Plaintiff for common law fraud.

69.   Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as Plaintiff did, and Allstate knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

14

70.     Allstate made the statements intending that Plaintiff act upon them. Plaintiff then acted in
        reliance upon the statements, thereby causing Plaintiff to suffer injury constituting common
        law fraud.

### CAUSES OF ACTION AGAINST DEFENDANT KRISTEE ELDRIDGE

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

71.     All allegations above are incorporated herein.

72.     Eldridge's conduct constitutes multiple violations of the Texas Insurance Code, Unfair
        Claim Settlement Practices Act. TEX. INS. CODE §541.060(a).

73.     Eldridge is individually liable for her unfair and deceptive acts, irrespective of the fact that
        this Defendant was acting on behalf of Allstate, because Eldridge is a "person," as defined
        by TEX. INS. CODE §541.002(2).

74.     Eldridge knowingly underestimated the amount of damage to the Property. As such,
        Eldridge failed to adopt and implement reasonable standards for the investigation of the
        claim arising under the Policy. TEX. INS. CODE §542.003(3).

75.     Furthermore, Eldridge did not attempt in good faith to effect a fair, prompt, and equitable
        settlement of the claim. TEX. INS. CODE §542.003(4).

76.     Eldridge's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable
        explanation of the basis in the Policy, in relation to the facts or applicable law, for
        underpayment of the claim, also constitutes an unfair method of competition and an unfair
        and deceptive act or practice. TEX. INS. CODE §541.060(a)(3).

77.     Eldridge's unfair settlement practice of failing to attempt in good faith to make a prompt,
        fair, and equitable settlement of the claim, even though liability under the Policy was

15

reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

## DTPA VIOLATIONS

78.    All allegations above are incorporated herein.

79.    Eldridge's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Eldridge pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Eldridge. Specifically, Eldridge's violations of the DTPA include the following matters:

A.    By this Defendant's acts, omissions, failures, and conduct, Eldridge has violated sections 17.46(b)(2), (5), and (7) of the DTPA. Eldridge's violations include, (1) failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiff's Property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.    Eldridge represented to Plaintiff that the Policy and this Defendant's adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.    Eldridge represented to Plaintiff that the Policy and this Defendant's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

16

D.     Eldridge's actions are unconscionable in that Eldridge took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Eldridge's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

E.     Eldridge's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

80.   Each of Eldridge's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages. All acts, omissions, and failures were committed "knowingly" and "intentionally" by Eldridge, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

## NEGLIGENCE

81.   All allegations above are incorporated herein.

82.   Defendant Eldridge was negligent in her actions with regards to her adjustment of Plaintiff's claim, and violated the standard of care for insurance adjusters in the State of Texas. Those failures include one or more of the following acts or omissions:

a.   Failure to conduct a reasonable inspection/adjustment;

b.   Failure to include covered damage that would be discovered as a result of a reasonable inspection;

c.   Failure to identify the proper cause and scope of the damage to Plaintiff's Property;

d.   Failure to identify the cost of proper repairs to Plaintiff's Property; and

17

e. Failure to communicate to Plaintiff the reasons for specific determinations made regarding the inclusion or exclusion of damage to Plaintiff's Property.

83. Eldridge's acts and/or omissions constitute negligence. Her conduct, individually and together, was therefore a proximate cause of the damages sustained by Plaintiff.

84. At all relevant times, Eldridge was an agent or employer of Defendant Allstate.

85. Eldridge's unreasonable inspection/adjustment was performed within the course and scope of her duties with Defendant Allstate. Therefore, Defendant Allstate is also liable for the negligence of Eldridge through the doctrine of respondeat superior.

## GROSS NEGLIGENCE

86. All allegations above are incorporated herein.

87. Defendant Eldridge's actions or omissions constitute gross negligence as defined in TEX. CIV. P. & REM. CODE § 41.001 (11)(A) and (B):

a. Eldridge's actions, when viewed objectively from the standpoint of the actor at the time of their occurrence involves an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiff; and

b. Eldridge had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and/or welfare of Plaintiff.

88. Eldridge intentionally misrepresented the scope and amount of damages. Eldridge's estimate was to such an extreme degree below what another licensed adjuster would have done in this situation; it was also in complete disregard for the risk and harm Plaintiff would suffer if the actual damages to the Property were allowed to persist unrepaired.

18

## CAUSES OF ACTION AGAINST DEFENDANT EDWARD FELCHAK

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

89.  All allegations above are incorporated herein.

90.  Felchak's conduct constitutes multiple violations of the Texas Insurance Code, Unfair
     Claim Settlement Practices Act. TEX. INS. CODE §541.060(a).

91.  Felchak is individually liable for his unfair and deceptive acts, irrespective of the fact that
     this Defendant was acting on behalf of Allstate, because Felchak is a "person," as defined
     by TEX. INS. CODE §541.002(2).

92.  Felchak knowingly underestimated the amount of damage to the Property. As such,
     Felchak failed to adopt and implement reasonable standards for the investigation of the
     claim arising under the Policy. TEX. INS. CODE §542.003(3).

93.  Furthermore, Felchak did not attempt in good faith to effect a fair, prompt, and equitable
     settlement of the claim. TEX. INS. CODE §542.003(4).

94.  Felchak's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable
     explanation of the basis in the Policy, in relation to the facts or applicable law, for
     underpayment of the claim, also constitutes an unfair method of competition and an unfair
     and deceptive act or practice. TEX. INS. CODE §541.060(a)(3).

95.  Felchak's unfair settlement practice of failing to attempt in good faith to make a prompt,
     fair, and equitable settlement of the claim, even though liability under the Policy was
     reasonably clear, constitutes an unfair method of competition and a deceptive act or
     practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

19

## DTPA VIOLATIONS

96.    All allegations above are incorporated herein.

97.    Felchak's conduct constitutes multiple violations of the Texas Deceptive Trade Practices
       Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods
       and services provided by Felchak pursuant to the DTPA. Plaintiff has met all conditions
       precedent to bringing this cause of action against Felchak. Specifically, Felchak's
       violations of the DTPA include the following matters:

    A.    By this Defendant's acts, omissions, failures, and conduct, Felchak has violated
       sections 17.46(b)(2), (5), and (7) of the DTPA. Felchak's violations include, (1)
       failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an
       estimate reflecting the proper repair of Plaintiff's Property when liability has
       become reasonably clear, which gives Plaintiff the right to recover under section
       17.46(b)(2).

    B.    Felchak represented to Plaintiff that the Policy and this Defendant's adjusting and
       investigative services had characteristics or benefits they did not possess, which
       gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

    C.    Felchak represented to Plaintiff that the Policy and this Defendant's adjusting
       services were of a particular standard, quality, or grade when they were of another,
       in violation of section 17.46(b)(7) of the DTPA.

    D.    Felchak's actions are unconscionable in that Felchak took advantage of Plaintiff's
       lack of knowledge, ability, and experience to a grossly unfair degree. Felchak's

unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

E.   Felchak's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

98.   Each of Felchak's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages. All acts, omissions, and failures were committed "knowingly" and "intentionally" by Felchak, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

## NEGLIGENCE

99.   All allegations above are incorporated herein.

100.   Defendant Felchak was negligent in his actions with regards to his adjustment of Plaintiff's claim, and violated the standard of care for insurance adjusters in the State of Texas. Those failures include one or more of the following acts or omissions:

a.   Failure to conduct a reasonable inspection/adjustment;

b.   Failure to include covered damage that would be discovered as a result of a reasonable inspection;

c.   Failure to identify the proper cause and scope of the damage to Plaintiff's Property;

d.   Failure to identify the cost of proper repairs to Plaintiff's Property; and

e.   Failure to communicate to Plaintiff the reasons for specific determinations made regarding the inclusion or exclusion of damage to Plaintiff's Property.

21

101.  Felchak's acts and/or omissions constitute negligence. His conduct, individually and together, was therefore a proximate cause of the damages sustained by Plaintiff.

102.  At all relevant times, Felchak was an agent or employer of Defendant Allstate.

103.  Felchak's unreasonable inspection/adjustment was performed within the course and scope of his duties with Defendants Allstate. Therefore, Defendant Allstate is also liable for the negligence of Felchak through the doctrine of respondeat superior.

### GROSS NEGLIGENCE

104.  All allegations above are incorporated herein.

105.  Defendant Felchak's actions or omissions constitute gross negligence as defined in TEX. CIV. P. & REM. CODE § 41.001 (11)(A) and (B):

    a.  Felchak's actions, when viewed objectively from the standpoint of the actor at the time of their occurrence involves an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiff; and

    b.  Felchak had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and/or welfare of Plaintiff.

106.  Felchak intentionally misrepresented the scope and amount of damages. Felchak's estimate was to such an extreme degree below what another licensed adjuster would have done in this situation; it was also in complete disregard for the risk and harm Plaintiff would suffer if the actual damages to the Property were allowed to persist unrepaired.

22

## CAUSES OF ACTION AGAINST DEFENDANT BRITT MORTON

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

107. All allegations above are incorporated herein.

108. Morton's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act. TEX. INS. CODE §541.060(a).

109. Morton is individually liable for his unfair and deceptive acts, irrespective of the fact that this Defendant was acting on behalf of Allstate, because Morton is a "person," as defined by TEX. INS. CODE §541.002(2).

110. Morton knowingly underestimated the amount of damage to the Property. As such, Morton failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy. TEX. INS. CODE §542.003(3).

111. Furthermore, Morton did not attempt in good faith to effect a fair, prompt, and equitable settlement of the claim. TEX. INS. CODE §542.003(4).

112. Morton's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice. TEX. INS. CODE §541.060(a)(3).

113. Morton's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

23

### DTPA VIOLATIONS

114.   All allegations above are incorporated herein.

115.   Morton's conduct constitutes multiple violations of the Texas Deceptive Trade Practices

Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods

and services provided by Morton pursuant to the DTPA.  Plaintiff has met all conditions

precedent to bringing this cause of action against Morton. Specifically, Morton's violations

of the DTPA include the following matters:

A.   By this Defendant's acts, omissions, failures, and conduct, Morton has violated

sections 17.46(b)(2), (5), and (7) of the DTPA.  Morton's violations include, (1)

failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an

estimate reflecting the proper repair of Plaintiff's Property when liability has

become reasonably clear, which gives Plaintiff the right to recover under section

17.46(b)(2).

B.   Morton represented to Plaintiff that the Policy and this Defendant's adjusting and

investigative services had characteristics or benefits they did not possess, which

gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.   Morton represented to Plaintiff that the Policy and this Defendant's adjusting

services were of a particular standard, quality, or grade when they were of another,

in violation of section 17.46(b)(7) of the DTPA.

D.   Morton's actions are unconscionable in that Morton took advantage of Plaintiff's

lack of knowledge, ability, and experience to a grossly unfair degree.  Morton's

24

unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of
the DTPA; and

E.    Morton's conduct, acts, omissions, and failures, as described in this petition, are
unfair practices in the business of insurance in violation of section 17.50(a)(4) of
the DTPA.

116.  Each of Morton's above-described acts, omissions, and failures is a producing cause of
Plaintiff's damages. All acts, omissions, and failures were committed "knowingly" and
"intentionally" by Morton, as defined by the Texas Deceptive Trade Practices Act. TEX.
BUS. & COM. CODE 17.45.

### NEGLIGENCE

117.  All allegations above are incorporated herein.

118.  Defendant Morton was negligent in his actions with regards to his adjustment of Plaintiff's
claim, and violated the standard of care for insurance adjusters in the State of Texas. Those
failures include one or more of the following acts or omissions:

a.  Failure to conduct a reasonable inspection/adjustment;

b.  Failure to include covered damage that would be discovered as a result of a
reasonable inspection;

c.  Failure to identify the proper cause and scope of the damage to Plaintiff's Property;

d.  Failure to identify the cost of proper repairs to Plaintiff's Property; and

e.  Failure to communicate to Plaintiff the reasons for specific determinations made
regarding the inclusion or exclusion of damage to Plaintiff's Property.

119.  Morton's acts and/or omissions constitute negligence. His conduct, individually and

25

together, was therefore a proximate cause of the damages sustained by Plaintiff.

120. At all relevant times, Morton was an agent or employer of Defendant Allstate.

121. Morton's unreasonable inspection/adjustment was performed within the course and scope of his duties with Defendants Allstate. Therefore, Defendant Allstate is also liable for the negligence of Morton through the doctrine of respondeat superior.

## GROSS NEGLIGENCE

122. All allegations above are incorporated herein.

123. Defendant Morton's actions or omissions constitute gross negligence as defined in TEX. CIV. P. & REM. CODE § 41.001 (11)(A) and (B):

   a. Morton's actions, when viewed objectively from the standpoint of the actor at the time of their occurrence involves an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiff; and

   b. Morton had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and/or welfare of Plaintiff.

124. Morton intentionally misrepresented the scope and amount of damages. Morton's estimate was to such an extreme degree below what another licensed adjuster would have done in this situation; it was also in complete disregard for the risk and harm Plaintiff would suffer if the actual damages to the Property were allowed to persist unrepaired.

## KNOWLEDGE

125. Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's

damages described herein.

### ·WAIVER AND ESTOPPEL

126. Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

### DAMAGES

127. Since the claim was made, Allstate has not properly compensated Plaintiff for all necessary repairs required, which are covered under the Policy. This has caused undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

128. Defendants made the above and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Defendants made these false misrepresentations with the intent that Plaintiff act in accordance with the misrepresentations. Plaintiff then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage. Plaintiff suffered damages as a result.

129. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained. The acts, omissions, failures, and conduct of Defendants have caused Plaintiff's damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiff's Property, and any investigative and engineering fees incurred.

27

130. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, consequential damages, together with attorney's fees.

131. For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times Plaintiff's actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

132. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

133. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money Allstate owed, and exemplary damages.

134. Defendants' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish

28

Defendants for their wrongful conduct and to set an example to deter Defendants and others from committing similar acts in the future.

135.   For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

136.   For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

137.   As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(4) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of no less than $200,000.00, but no more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

138.   Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material

29

described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

139.  Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Montgomery County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff prays that Defendants, Allstate Vehicle and Property Insurance Company, and the former defendants that Allstate has elected to accept legal responsibility for: Edward Felchak, Britt Morton, and Kristee Eldridge, be cited and served to appear, and that upon trial hereof, Plaintiff, Nancy Roberson, has and recovers from Defendants, Allstate Vehicle and Property Insurance Company et al, such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiff, Nancy Roberson, may show Plaintiff is justly entitled.

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Allen B. Landon
Bar No. 24091870
455 E. Medical Center Blvd, Suite 555

30

Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
alandon@cwilsonlaw.com

PROVOST UMPHREY LAW FIRM LLP

David P. Wilson
Bar No. 21672700
490 Park Street, Suite 100
Beaumont, Texas 77701
Telephone: (409) 835-6000
Facsimile: (409) 838-8888
DWilson@pulf.com

ATTORNEY FOR PLAINTIFF

31