IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NANCY ROBERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-19-1393 |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

In March 2019, Nancy Roberson sued Allstate Vehicle and Property Insurance Company in state court, asserting contract breach, Texas Insurance Code and Deceptive Trade Practices Act violations, breach of the duty of good faith and fair dealing, and common-law fraud. (Docket Entry No. 1-5 at 14–19). Allstate timely removed and moved for judgment on the pleadings and to dismiss, arguing that Roberson's claims are either time-barred or do not comply with federal pleading standards. (Docket Entry Nos. 1, 5). Roberson responded. (Docket Entry No. 13).

After a careful review of the pleadings, the motion and response, and the applicable law, the court grants Allstate's motions for judgment on the pleadings and to dismiss for failure to state a plausible claim. (Docket Entry No. 5). Roberson's nonfraud claims are time-barred and dismissed, with prejudice and without leave to amend, because amendment would be futile. Her fraud claim fails to satisfy Federal Rule of Civil Procedure 9(b) and is dismissed, without prejudice and with leave to amend. Roberson must file an amended complaint no later than **August 30, 2019**. The reasons for these rulings are explained in detail below.

I.     **Background**[1]

Roberson has an Allstate insurance policy covering her home in Montgomery, Texas. (Docket Entry No. 1-5 at 6–7). In February 2016, she filed a claim with Allstate for hail damage to her roof. (*Id.* at 7). Allstate adjuster Britt Morton inspected Roberson's home a week later. (*Id.*). He found some roof damage but determined that the shingles were in "great condition," concluding that Roberson's loss was below her deductible. (*Id.*).

In April 2016, a tree fell on Roberson's home during a storm, damaging the roof, exterior fascia, air-conditioning system, and a bedroom, bathroom, and closet. (*Id.*). After Roberson asked Allstate to cover the damage, the company sent Kristee Eldridge and Edward Felchak to adjust the claim. (*Id.*). Felchak, the exterior adjuster, found that 20% of the roof needed to be replaced at a cost of $8,163.01. (*Id.* at 8). According to Roberson, Felchak failed to account for other storm damage the roof sustained and that he should have recommended replacing the entire roof. (*Id.*). Although Eldridge, the interior adjuster, found mold inside Roberson's home caused by storm, she did not revise Felchak's assessment. (*Id.*). Roberson hired a third party to inspect her home in August 2016. (*Id.*). The petition alleges that the third-party adjuster found $13,482.73 in roof damage, $5,000 more than what Felchak found two months before. (*Id.* at 10).

Roberson asserts that Morton, Felchak, and Eldridge gave "problematic" assessments, and that they "either intentionally or recklessly overlooked" roof damage. (*Id.* at 9). According to Roberson, Allstate's adjusters "had a vested interest in undervaluing the claims assigned to them . . . to maintain their employment," and the disparity between the third-party adjuster's report and

---

[1] The facts are drawn from the second amended complaint's well-pleaded allegations, accepted as true for this motion, and the documents that are referred to or attached to the complaint and properly considered at this stage. *See Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).

the Allstate assessments "is evidence of fraud." (*Id.*). Roberson asserts that she had to pay out of pocket for repairs, and that Allstate has not covered the damage or reinspected the property. (*Id.* at 10–11).

This is Roberson's third suit against Allstate. She first sued the company in state court in September 2016, but she voluntarily dismissed the case "to re-plead . . . at a higher level of damages." (*Id.* at 13). Roberson refiled the petition in state court in May 2018, and Allstate removed to the Southern District of Texas. (*Id.*). Roberson voluntarily dismissed the second case after Allstate moved for an abatement. (*Id.* at 13–14).

Roberson filed this action in March 2019 in the 284th Judicial District of Montgomery County, Texas. (*Id.* at 5). Allstate timely removed. (Docket Entry No. 1). The company has moved for judgment on the pleadings, arguing that Roberson's nonfraud claims are time-barred because the two-year limitations periods expired before this action was filed. (Docket Entry No. 6 at 6–11). Allstate has also moved to dismiss under Rule 12(b)(6) on the basis that the fraud claim fails to comply with federal pleading standards. (*Id.* at 11–12).

## II. The Legal Standards

### A. Rules 12(b)(6) and 12(c)

The Rule 12(b)(6) and Rule 12(c)[2] standards are the same. *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010). Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

---

[2] "A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quotation and citation omitted).

3

544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556).

"To withstand a Rule 12(b)(6) motion, [a] complaint must allege 'more than labels and conclusions,'" and "a formulaic recitation of the elements of a cause of action will not do." *Norris v. Hearst Tr.*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). A "complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. (quotation and alteration omitted).

The court should generally give the plaintiff a chance to amend under Rule 15(a) before dismissing the action with prejudice, unless to do so would be futile. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006); *Great Plains*, 313 F.3d at 329 ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are

unwilling or unable to amend in a manner that will avoid dismissal."). A court has discretion to deny a motion to amend for futility if the amended complaint would fail to state a plausible claim. *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016).

**B.     Rule 9(b)**

Roberson's common-law fraud claim must satisfy Federal Rule of Civil Procedure 9(b), which "requires that a plaintiff state an alleged fraud with particularity." *Musket Corp. v. Suncor Energy (U.S.A.) Mktg., Inc.*, 759 F. App'x 280, 286 (5th Cir. 2019) (citing FED. R. CIV. P. 9(b)). Roberson must "state the who, what, when, where, and how of the alleged fraud" by pleading "the time, place and contents of the false representation, as well as the identity of the person making the misrepresentation and what that person obtained thereby." *Id.* (quoting *United States ex rel. Stephenson v. Archer W. Contractors, L.L.C.*, 548 F. App'x 135, 139 (5th Cir. 2013); *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009)).

**III.    Analysis**

**A.     Roberson's Nonfraud Claims are Time-Barred**

Allstate argues that Roberson's nonfraud claims are time-barred because the applicable limitations periods expired in August 2018, seven months before she filed suit. (Docket Entry No. 6 at 6–11). Roberson responds that the court should equitably toll the limitations periods based on alleged misrepresentations Allstate made during the parties' second lawsuit. (Docket Entry No. 13 at 2–4).

Roberson's claims under the Texas Insurance Code and the Deceptive Practices Act are subject to a two-year statute of limitations. TEX. INS. CODE § 541.162(a); TEX. BUS. & COM. CODE. § 17.565. So, too, is Roberson's claim that Allstate breached the duty of good faith and fair dealing. *Hudspeth v. Enter. Life Ins. Co.*, 358 S.W.3d 373, 387 (Tex. App.—Houston [1st Dist.]

2011).  Her contract-breach and fraud claims, by contrast, are governed by a four-year statute of limitations.  TEX. CIV. PRAC. & REM. CODE §§ 16.004, 16.051; *see Aguilar v. Sinton*, 501 S.W.3d 730, 736 (Tex. App.—El Paso 2016).  Because Roberson's policy provides for a two-year limitations period for all causes of action related to coverage, she must also bring the contract-breach claim within two years.  TEX. CIV. PRAC. & REM. CODE § 16.070; *see Watson v. Allstate Tex. Lloyd's*, 224 F. App'x 335, 339 (5th Cir. 2007) (observing that "Texas courts routinely enforce such provisions in insurance policies").

Roberson alleges that her causes of action accrued in August 2016, requiring her to have asserted the nonfraud claims by August 2018.  (Docket Entry No. 1-5 at 8–9); *see Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003) ("As a general rule, a cause of action accrues and the statute of limitations begins to run when facts come into existence that authorize a party to seek a judicial remedy.").  She did not.  (Docket Entry No. 1-5 at 5).  As a result, her claims are time-barred unless equitable tolling applies.

"Texas courts sparingly apply equitable tolling and look . . . to whether a plaintiff diligently pursued his rights; litigants may not use the doctrine 'to avoid the consequences of their own negligence.'"  *Myers v. Nash*, 464 F. App'x 348, 349 (5th Cir. 2012) (quoting *Hand v. Stevens Transp., Inc.*, 83 S.W.3d 286, 293 (Tex. App.—Dallas 2002, no pet.)).  The Texas Supreme Court has recognized only two doctrines that may toll a limitations period: the discovery rule and fraudulent inducement.  *Moon v. City of El Paso*, 906 F.3d 352, 358–59 (5th Cir. 2018).

Roberson argues that the court should toll the limitations periods based on fraudulent inducement.  (*See* Docket Entry No. 13).  According to Roberson, once the case was dismissed, Allstate refused to negotiate or reinspect the property.  (*Id.* at 2).  But Roberson concedes that the parties did negotiate after she voluntarily dismissed the suit, foreclosing this argument.  (*Id.* at 3

6

("Impasse on the new negotiations period was not reached until December 6, 2018, when counsel for Defendants conveyed a letter indicating that no new offers and no further investigations or reconsideration of Allstate's ongoing positions averse to Plaintiff's interests would be made.")). Equitable tolling does not apply, and the filing of the two prior suits did not toll the limitations periods. *See Bailey v. Gardner*, 154 S.W.3d 917, 920 (Tex. App.—Dallas 2005, no pet.) ("A lawsuit that is voluntarily abandoned does not interrupt the running of the statute of limitations. Thus, Bailey's voluntary nonsuit is treated as though the first lawsuit had never been filed." (citation omitted)).

Roberson's nonfraud claims are time-barred and, as a result, dismissed with prejudice and without leave to amend, because amendment would be futile.

### B. Roberson's Fraud Claim Fails to Satisfy Rule 9(b)

Allstate argues that Roberson's fraud claim fails to satisfy federal pleading standards. (Docket Entry No. 6 at 11–12). Roberson did not respond. The state-court petition alleges that each "misrepresentation described above concerned material facts that absent such representations, [Roberson] would not have acted as she did." (Docket Entry No. 1-5 at 18). The petition identifies one misstatement—Felchack allegedly lied about the storm repair estimate by telling Roberson that "the only [roof] slope damaged by the tree was the farthest north and the adjacent south slope at the front of the house." (*Id.* at 8). This allegation does not specify when the statement was made, as Rule 9(b) requires. *Musket Corp.*, 759 F. App'x at 286. The fraud claim is dismissed, without prejudice and with leave to amend by **August 30, 2019**.

### IV. Conclusion

Allstate's motions for judgment on the pleadings and to dismiss are granted. (Docket Entry No. 5). The contract-breach, Texas Insurance Code, Deceptive Practices Act, and good-faith

7

claims are dismissed, with prejudice and without leave to amend, because amendment would be futile. The fraud claim is dismissed, without prejudice and with leave to amend by **August 30, 2019**. The initial pretrial conference set for August 16, 2019, is reset to **October 4, 2019, at 10:00 a.m.**

SIGNED on July 2, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge