IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NANCY ROBERSON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-1393 |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY | § | |
| | § | |
| Defendant. | § | |
| | § | |

# MEMORANDUM AND ORDER[*]

This should have been a garden-variety dispute common in our courts—a first-party property insurance claim over coverage for roof damage from Houston-area storms. Instead, this is the third lawsuit that Nancy Roberson has filed against her homeowner's policy issuer, Allstate Vehicle and Property Insurance Company, arising out of the same dispute. (Docket Entry No. 15 at 3). Roberson dismissed the first two lawsuits voluntarily. (*Id.*). In July 2019, this court held that Roberson's claims other than fraud—for breach of contract and statutory damages—were barred by limitations. (*Id.* at 5–7). Allstate has now moved for judgment on the pleadings or for summary judgment as to Roberson's only remaining claim, for fraud. (Docket Entry Nos. 24, 25). Roberson has responded, and Allstate has objected to her summary judgment evidence and filed a reply. (Docket Entry Nos. 28, 29).

Based on the pleadings; the motion, response, and reply; the record; the joint pretrial order; and the applicable law, the court sustains Allstate's evidentiary objections and grants its summary

---

[*] This Memorandum and Order cites ECF Docket Entry page numbers except in deposition citations, which refer to original transcript page and line numbers.

judgment motion, making the motion for judgment on the pleadings moot. Final judgment is separately entered. Allstate may refile its motion for costs and fees post-judgment, under Federal Rule of Civil Procedure 54.

The reasons for these rulings are set out in detail below.

I.  **Background**

The parties agreed on the background facts in their joint pretrial order, (Docket Entry No. 41). *See In re Pirani*, 824 F.3d 483, 493 n.1 (5th Cir. 2016) (quoting *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 604 (5th Cir. 2000) ("[A] joint pretrial order signed by both parties supersedes all pleadings and governs the issues and evidence to be presented at trial.")). Roberson has an Allstate insurance policy covering her home in Montgomery, Texas. (Docket Entry No. 41 at 4). She filed a claim for roof damage after a storm in January 2016. (*Id.*). In February 2016, Allstate adjuster Britt Morton inspected Roberson's home and found $678.75 in covered damage, which was below Roberson's policy deductible of $2,700. (*Id.* at 4–5).

Roberson submitted another claim to Allstate for damage to her home arising from an April 2016 storm. (*Id.* at 4). When she reported this claim, she had not completed repairs for the January 2016 loss. (*Id.* at 5). The company sent Kristee Eldridge and Edward Felchak to adjust the new claim. (*Id.*). Felchak estimated $8,163.01 in replacement-cost value. (*Id.*). Eldridge prepared a separate estimate for "mold, tech report, and tree removal." (*Id.*). After applying depreciation and Roberson's deductible, Allstate paid Roberson $4,456.89 for the damage addressed in Felchak's estimate, $2,582.88 for mold removal, and $1,234.95 for other damage that Eldridge assessed. (*Id.*).

According to Roberson, Allstate misrepresented and understated the extent of the covered damage to the roof, and an accurate estimate shows a need to replace the entire roof. (*Id.*; *see also*

2

Docket Entry No. 28-1 at ¶¶ 19(a), 26–27). Allstate disputes that a full roof replacement is necessary. (Docket Entry No. 41 at 5).

In her amended petition, Roberson alleges that an unspecified third-party adjuster found in August 2016 that the roof would cost $13,482.73 to replace. (Docket Entry No. 28-1 at ¶¶ 21, 26). Roberson asserts that Allstate adjusters Morton, Felchak, and Eldridge gave "problematic" estimates, and that Felchak "either intentionally or recklessly overlooked" covered roof damage. (*Id.* at ¶¶ 24–25). Roberson claims that, after Morton's February 2016 inspection, he falsely stated that there was no hail damage to the roof shingles from the January 2016 storm. (*Id.* at ¶ 10). Roberson alleges that, "[o]n or about May 2, 2016, Felchak stated in his estimate that '[t]he only [roof] slope damaged by the tree [that fell in the April 2016 storm] . . . was the farthest north and the adjacent south slope at the front of the house.' . . . [and] only . . . roughly 20% of the roof [needed to be replaced]." (*Id.* at ¶ 19). Felchak also allegedly "failed to account for any hail or storm damage to the rest of the roof." (*Id.* at ¶ 19(a)). According to Roberson, Eldridge adjusted Roberson's interior damage, but she did not revise Felchak's roof assessment. (*Id.* at ¶ 20).

Roberson argues that these three Allstate adjusters "had a vested interest in undervaluing the claims assigned to them . . . to maintain their employment," contending that the disparity between the third-party adjuster's report and the Allstate adjusters' estimates "is evidence of fraud." (*Id.* at ¶ 25(a)). Roberson asserts that she had to pay out-of-pocket for repairs, that Allstate's alleged fraud delayed the repairs and the resolution of her claim, and that she relied on Allstate's "misrepresentations" about her insurance coverage and the cost, scope, and cause of the property damage. (*Id.* at ¶¶ 29, 33; Docket Entry No. 28 at 3).

Roberson filed this third lawsuit in March 2019 in the 284th Judicial District Court of Montgomery County, Texas. (Docket Entry No. 1-5 at 5). Allstate timely removed, (Docket Entry

3

No. 1), then moved for judgment on the pleadings or summary judgment, arguing that Roberson's nonfraud claims were time-barred because the two-year limitations periods expired before she filed this action. (Docket Entry No. 5; Docket Entry No. 6 at 11–13). Allstate also moved for judgment on the pleadings under Rule 12(c), arguing that the fraud claim did not meet federal pleading standards. (Docket Entry No. 6 at 16–17).

The court granted Allstate's motion to dismiss the nonfraud claims as time-barred. (Docket Entry No. 15). The fraud claim, and the motions seeking judgment on the pleadings or summary judgment on that claim, are addressed below.

## II. The Summary Judgment Evidence

Allstate submitted the following evidence:

1. A certified copy of Roberson's homeowner's insurance policy, (Docket Entry No. 27-1).
2. The affidavit of Susan Egeland, Allstate's attorney, (Docket Entry No. 27-2).
3. Roberson's September 2016 original state-court petition, (Docket Entry No. 27-3).
4. Roberson's April 2018 notice of nonsuit in state court for her breach of contract claim, (Docket Entry No. 27-4).
5. Roberson's April 2018 notice of nonsuit in state court for her extra-contractual claims, (Docket Entry No. 27-5).
6. The Docket Control Order for Montgomery County Court at Law Number Two, Cause No. 16-09-10159, (Docket Entry No. 27-6).
7. A transcript of Roberson's attorneys' fees expert's deposition, (Docket Entry No. 27-7).
8. A letter on a document production incident at the fees expert's deposition, (Docket Entry No. 27-8).
9. Excerpts of Roberson's deposition transcript, (Docket Entry No. 27-9).
10. Excerpts of the deposition of Redemption Roofing contractor Jake Albert, who Roberson hired to repair her property, (Docket Entry No. 27-10).
11. Roberson's sworn answers to Allstate's first set of interrogatories, (Docket Entry No. 27-11).
12. Roberson's response to Allstate's motion to compel production and compel the depositions of Roberson's experts, (Docket Entry No. 27-12).

Roberson submitted the following evidence:

1. Roberson's amended petition in this court, (Docket Entry No. 28-1).
2. Allstate adjuster Edward Felchak's damage estimate, (Docket Entry No. 28-2).
3. The damage estimate of Kevin Funsch, an expert Roberson retained, (Docket Entry No. 28-3).
4. The damage estimate of Groundtruth Forensics, an expert firm Roberson retained, (Docket Entry No. 28-4).
5. Allstate adjuster Kristee Eldridge's damage estimate, (Docket Entry No. 28-5).
6. Business records from Roberson's homeowner's association, (Docket Entry No. 28-6).
7. The affidavit of Thomas Landry, Roberson's attorney, (Docket Entry No. 28-7).

Allstate objects that Roberson's amended petition, Kevin Funsch's damage estimate, and Groundtruth Forensics's damage estimate are not competent summary judgment evidence. (Docket Entry No. 29 at 2). Allstate's objections, as well as the substantive arguments on the motion for summary judgment, are considered below, under the applicable legal standards.

### III. The Applicable Legal Standards

#### A. Fraud

Roberson's common-law fraud claim must satisfy Federal Rule of Civil Procedure 9(b), which requires a plaintiff to state the circumstances of an alleged fraud with particularity. FED. R. CIV. P. 9(b). "The elements of [Texas] common law fraud are '(1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.'" *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 188 (5th Cir. 2009) (quoting *Allstate Ins. Co. v. Receivable Fin. Co.*, 501 F.3d 398, 406 (5th Cir. 2007)). Roberson must "state the who, what, when, where, and how of the alleged fraud" by pleading "the time, place and contents of the false representation, as well as the identity of the person making the

5

misrepresentation and what that person obtained thereby." *Musket Corp. v. Suncor Energy (U.S.A.) Mktg., Inc.*, 759 F. App'x 280, 287 (5th Cir. 2019) (citing *United States ex rel. Stephenson v. Archer W. Contractors, L.L.C.*, 548 F. App'x 135, 139 (5th Cir. 2013); *Kanneganti*, 565 F.3d at 186).

### B. Summary Judgment

"Summary judgment is appropriate only if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Vann v. City of Southaven*, 884 F.3d 307, 309 (5th Cir. 2018) (per curiam) (quoting *Hanks v. Rogers*, 853 F.3d 738, 743 (5th Cir. 2017)). "A genuine dispute of material fact exists when 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Burell v. Prudential Ins. Co. of Am.*, 820 F.3d 132, 136 (5th Cir. 2016) (quoting *Savant v. APM Terminals*, 776 F.3d 285, 288 (5th Cir. 2014)). "The moving party 'always bears the initial responsibility of informing the district court of the basis for its motion[.]'" *Brandon v. Sage Corp.*, 808 F.3d 266, 269–70 (5th Cir. 2015) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

"Where the non-movant bears the burden of proof at trial, 'the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.'" *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015) (quoting *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995) (per curiam)). While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to disprove the opposing party's case. *Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A.*, 759 F.3d 498, 505 (5th Cir. 2014). A fact is material if "its resolution could affect the outcome of the action." *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482

F.3d 408, 411 (5th Cir. 2007). "If the moving party fails to meet [its] initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quoting *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001)). In deciding a motion for summary judgment, the court resolves all reasonable inferences in favor of the nonmoving party. *City and Cty. of San Francisco v. Sheehan*, 135 S. Ct. 1765, 1769 (2015).

"The admissibility of summary judgment evidence is subject to the same rules of admissibility applicable to a trial." *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 285 (5th Cir. 2004) (quoting *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1024 (5th Cir. 1995)).

**IV.  Analysis**

    **A.  Objections to Roberson's Summary Judgment Evidence**

Allstate objects that Roberson's amended petition is inadmissible hearsay and that it is not actual evidence, because the claims within it are mere "arguments of counsel." (Docket Entry No. 29 at 2). The court sustains the objection on the second ground; the petition is unsworn and therefore not competent summary judgment evidence. *See Johnston v. City of Houston, Tex.*, 14 F.3d 1056, 1060 (5th Cir. 1994) (citations and quotation marks omitted) ("[O]nly evidence—not argument, not facts in the complaint—[can rebut a summary judgment motion once the moving party meets its initial burden]. Unsworn pleadings, memoranda or the like are not . . . competent summary judgment evidence.").

Allstate also objects that Kevin Funsch and Groundtruth Forensics's damage estimates are not properly authenticated, are inadmissible hearsay, and are not relevant to Roberson's fraud claim. (Docket Entry No. 29 at 2). "Unsworn expert reports . . . do not qualify as affidavits or otherwise admissible evidence for [the] purpose of Rule 56, and may be disregarded by the court

7

when ruling on a motion for summary judgment." *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 1000 (5th Cir. 2001) (citation omitted). The court agrees that the expert reports are unsworn and thus are not competent summary judgment evidence.

### B. The Competent Summary Judgment Evidence

Because this is Roberson's third lawsuit on the same dispute, the record includes ample discovery. Careful examination of the record shows that undisputed evidence entitles Allstate to summary judgment. There is no reasonable basis to find that, or material factual dispute as to whether, Allstate committed fraud.

Roberson's retained roofing contractor, Jake Albert of Redemption Roofing, testified that: the April 2016 storm damaged only part of Roberson's roof; a partial roof replacement would be sufficient; Allstate accurately estimated the cost to repair the roof; and Redemption Roofing agreed to complete the repairs outlined in the Allstate estimate for the value of the Allstate estimate. (Docket Entry No. 27-10, Albert Dep. at 23:2–7, 39:22–40:13, 68:2–10). Roberson testified that she had intended to do a partial roof replacement to replace the part of her roof that was damaged in the April 2016 storm. (Docket Entry No. 27-9, Roberson Dep. 124:7–17). The evidence shows that the roof repair work has not been done because Roberson's homeowner's association did not permit the partial roof replacement that was called for, and the covered damage did not extend to a full roof replacement. (Docket Entry No. 27-10, Albert Dep. at 35:2–22, 67:22–68:10; *see also* Docket Entry No. 27-9, Roberson Dep. at 127:19–128:8 (Roberson suspected that the homeowner's association forbid the partial repair because the new shingles would not match the rest of the roof)).

Albert's deposition included the following testimony:

Q. And so as far as you know, Redemption Roofing was planning to use this Allstate estimate?

8

A. Yes, ma'am.

Q. And it was going to do the work for the amount outlined for each of the areas?
A. Yes, ma'am.

Q. In your opinion, would a partial roof replacement be sufficient to repair the damage you observed to Ms. Roberson's roof resulting from the April 2016 storm?
A. Yes, ma'am.

Q. Was Redemption Roofing willing to complete a partial roof replacement to Ms. Roberson's roof?
A. Yes, ma'am.

Q. And they were willing to do that partial roof replacement for the amount specified in the Allstate estimate, correct?
A. Yes, ma'am.[1]

* * *

Q. If only a section of the roof is damaged, is it typical for the roofing company to only repair the damaged area?
A. Yes.

Q. Is a partial roof replacement something that is fairly common if the entire roof is not damaged?
A. Yes, ma'am.

Q. And is this particularly true if all the damage is isolated to a specific slope?
A. Yes. I mean, the reason why we can't do this repair on this house is because Bentwater [Roberson's homeowner's association] denies partial repairs. And I mean, are you asking me about this right here for the repair? If we could do it, we would do it.

Q. If you could do it for the Allstate—if her HO—if Ms. Roberson's HOA—
A. Yes.

Q. —would let you do it, you have no issues with the Allstate estimate?
A. Yes.

Q. That's correct?
A. Yes, ma'am.[2]

* * *

---

[1] (Docket Entry No. 27-10, Albert Dep. at 39:22–40:13).
[2] (*Id.* at 42:2–22).

> Q. So I just want to be clear. So the only thing that's holding—stopping you today from going and completing the work at Ms. Roberson's property as outlined in the Allstate estimate is her HOA, correct?
> A. Yes, ma'am.
>
> Q. And so if you were permitted to, you would be willing to go do the work to Ms. Roberson's property that's outlined in the Allstate estimate for the amount in the Allstate estimate?
> A. Yes, ma'am.
>
> Q. And you believe the Allstate estimate was sufficient to repair the damage to Ms. Roberson's property as a result of the April [2016] storm?
> A. Yes, ma'am.[3]

In her deposition, Roberson agreed that Allstate would not be required to pay for an entire roof replacement just because her homeowner's association rejected a partial replacement. (Docket Entry No. 27-9, Roberson Dep. at 132:13–16). She also disclaimed any fraud or misrepresentation by Allstate or its adjustors, testifying as follows:

> Q. Do you contend that any of the Allstate representatives you spoke to made any misrepresentations to you?
> A. No.
>
> Q. Do you believe Edward Felchak made any misrepresentations?
> A. No.
>
> Q. Do you believe Kristee Eldridge made any misrepresentations?
> A. No.
>
> Q. Do you believe that anyone from Allstate told you something that was untrue?
> A. No.
>
> Q. Was Edward Felchak courteous to you?
> A. Very, yes.
>
> Q. And was Kristee Eldridge courteous to you?
> A. Yes, very.
>
> Q. Do you believe that they were trying to do a good job?
> A. Yes.

---

[3] (*Id.* at 67:22–68:10).

10

> Q. Do you believe that anyone from Allstate failed to disclose information to you with respect to your claims?
> A. No.
>
> Q. Do you believe that Edward Felchak intentionally ignored damages to your property during his inspection?
> A. No.
>
> Q. Do you believe Kristee Eldridge intentionally ignored damages to your property?
> A. No.
>
> Q. Do you believe anyone from Allstate intentionally ignored damages to your property relating to this claim?
> A. No.
>
> Q. Is there anything that you believe Allstate should have done to investigate your claim that they did not do?
> A. I don't know the answer to that. I'm going to say no, but I'm not aware of what else would—that that would encompass, no.
>
> Q. Do you think Kristee Eldridge should have taken any further action than what she did?
> A. I don't think so from—no. I—I think she did what she could do actually.
>
> Q. And the same with Mr. Felchak?
> A. I believe.
>
> Q. And sitting here today, your complaint is not that Allstate failed to identify any damages, it's just that you don't believe that they paid enough; is that correct?
> A. That's correct.[4]

Finally, Allstate served written discovery asking Roberson to identify: (1) the factual bases for her assertion that "Felchak and Eldridge had a vested interest in undervaluing the claim assigned to them by Allstate in order to maintain their employment"; and (2) all communications that Roberson contends were "fraudulent" or "contained a misrepresentation of any material fact." (Docket Entry No. 27-11 at 6–7). The sworn discovery answers failed to identify responsive

---

[4] (Docket Entry No. 27-9, Roberson Dep. at 151:25–153:21).

11

information. (*Id.*). When Allstate challenged the sufficiency of these answers in state court, Roberson's counsel responded that, "Defendants have had a chance to depose Plaintiff, and have ascertained from Plaintiff the specific complaints she has against all Defendants." (Docket Entry No. 27-12 at 3). The deposition testimony makes clear that Roberson knows no basis to find fraud.

The discrepancies between Allstate's estimates and Roberson's own expert estimates show at most a bona-fide dispute over covered loss amounts, not fraud. *See Kahlden v. Safeco Ins. Co. of Ind.*, No. H-10-2001, 2011 WL 13248494, at *8 (S.D. Tex. Oct. 21, 2011) (granting summary judgment on a fraud claim under Texas law "in light of the bona fide dispute regarding damages to Plaintiffs' home and Defendant's reasonable reliance on its inspectors."). Even if Roberson had competent summary judgment evidence that the entire roof was damaged and should be replaced, such evidence is not enough to create a factual dispute material to determining whether Allstate committed fraud in its communications with Roberson or in denying her a full roof replacement.

## V. Conclusion

The motion for summary judgment, (Docket Entry No. 24), is granted. Final judgment will be entered by separate order. Allstate's motion for costs and fees will be considered if Allstate refiles it after judgment. All motions are terminated as moot.

SIGNED on February 3, 2020, at Houston, Texas.

                                                                            Lee H. Rosenthal
                                                                            Chief United States District Judge