IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NANCY ROBERSON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-19-1393 |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**MEMORANDUM AND ORDER**

In March 2019, Nancy Roberson filed her third suit against Allstate Vehicle and Property Insurance Company. (Docket Entry No. 1-5 at 14–19). Roberson asserted contract breach, Texas Insurance Code and Deceptive Trade Practices Act violations, breach of the duty of good faith and fair dealing, and common-law fraud claims. (*Id.*). The court granted Allstate's motion for judgment on the pleadings and to dismiss on all of the claims except fraud. (Docket Entry No. 15 at 7). The court dismissed Roberson's fraud claim without prejudice and with leave to amend. (*Id.* at 7–8). Roberson amended the fraud claim and Allstate moved for judgment on the pleadings or summary judgment. (Docket Entry Nos. 21, 24). The court granted the motion for summary judgment, finding that there was no evidence showing a factual dispute material to deciding whether Allstate committed fraud or supporting an inference of fraud. (Docket Entry No. 44).

Allstate subsequently filed a renewed motion for costs under Federal Rule of Civil Procedure 54, requesting $28,102 in fees and expenses based on the Roberson's "counsel's"[1] vexatious perpetuation of Plaintiff's fraud claim when Plaintiff had no evidence of fraud." (Docket

---

[1] In its renewed motion for costs, Allstate requests that costs be assessed against "Roberson's counsel." It does not specify whether "Roberson's counsel" refers to an individual attorney or the law firm representing Roberson. Given this ambiguity, the court uses the phrase "Roberson's counsel" throughout this memorandum.

Entry No. 46 at ¶¶ 2, 12). Allstate argues that this conduct warrants a fee award under 28 U.S.C. § 1927. (*Id.*). Roberson responded, Allstate replied, and Roberson filed an additional objection to the motion for costs. (Docket Entry Nos. 47, 48, 50).

Based on the parties' arguments, the record, and the applicable law, the court denies Allstate's renewed motion for costs. The reasons are explained below.

**I.      Background**

Nancy Roberson has filed three lawsuits against her homeowner's policy issuer, Allstate, all arising out of the same disputed roof damage. (Docket Entry No. 15 at 3). Roberson dismissed the first two lawsuits voluntarily, then Roberson filed this third lawsuit in Texas state court. (*Id.*; Docket Entry No. 1-5 at 5). Allstate timely removed, (Docket Entry No. 1), then moved for judgment on the pleadings or summary judgment, arguing that Roberson's nonfraud claims were time-barred because the two-year limitations periods had expired before she filed this action. (Docket Entry No. 5; Docket Entry No. 6 at 11–13). Allstate also argued that the fraud claim did not meet federal pleading standards. (Docket Entry No. 6 at 16–17).

In July 2019, this court held that Roberson's claims other than fraud—for breach of contract and statutory damages—were barred by limitations. (Docket Entry No. 15 at 1). Roberson's fraud claim relied on the allegation that Edward Felchak, an exterior adjuster sent to Roberson's home, lied about the estimate to repair her roof. (Docket Entry No. 1-5 at 8). The court found that Roberson failed to satisfy Federal Rule of Civil Procedure 9(b) because she did not plead specific facts as to this alleged misrepresentation. (Docket Entry No. 15 at 7). The court dismissed the fraud claim, without prejudice and with leave to amend by August 30, 2019. (*Id.*).

On October 3, 2019, Thomas J. Landry of the Chad T. Wilson Law Firm appeared as counsel for Roberson. (Docket Entry No. 17). Susan E. Egeland, a partner at Faegre Drinker

2

Biddle & Reath, Allstate's counsel in this case, called Landry "to ask whether Plaintiff still intended to pursue her fraud claim given: (1) [Roberson's] failure to re-plead by the Court's deadline; and (2) the lack of evidence [supporting] any fraud claim." (Docket Entry No. 46, Exhibit A at ¶ 9). Egeland emailed Landry the court's July 2019 order dismissing the fraud claims. (Docket Entry No. 46, Exhibit A at ¶ 10; Docket Entry No. 46, Exhibit A-1). In response, Roberson moved to extend the time to file amended pleadings. (Docket Entry No. 18). The court allowed the extension and Roberson filed an amended complaint on October 17, 2019. (Docket Entry Nos. 19, 20, 21).

On October 25, Egeland emailed Landry arguing that the amended complaint provided no basis for Roberson's fraud claim and that Landry's conduct in filing the complaint may have violated Federal Rule of Civil Procedure 11. (Docket Entry No. 46, Exhibit A at ¶ 11; Docket Entry No. 46, Exhibit A-2). Egeland informed Landry of her intention to file a motion to dismiss and a motion for summary judgment. (Docket Entry No. 46, Exhibit A-2). Landry did not respond. (Docket Entry No. 46, Exhibit A at ¶ 11).

On November 1, 2019, Allstate moved for judgment on the pleadings or for summary judgment on Roberson's remaining fraud claim. (Docket Entry Nos. 24, 25). In conjunction with this motion, Allstate filed a motion for costs on December 4, 2019, requesting $7,924.50 for the fees and expenses it incurred in defending against Roberson's fraud claim. (Docket Entry No. 30 at ¶ 9). On January 17, 2020, Sara E. Inman, another attorney representing Allstate, called Landry, noting the lack of evidence supporting the fraud claim and offering a "walkaway [deal] where Allstate would forgo its Motion for Costs and Plaintiff would dismiss the suit." (Docket Entry No. 48-1 at ¶ 2). Landry did not follow-up on the offer and both parties moved forward with pretrial proceedings. (*Id.*).

3

On February 3, 2020, the court granted the motion for summary judgment and dismissed Roberson's fraud claims, finding that there was "no reasonable basis to find that, or material factual dispute as to whether, Allstate committed fraud." (Docket Entry No. 44 at 8). The court entered final judgment in favor of Allstate and allowed Allstate to refile its earlier motion for costs and fees. (Docket Entry No. 45). Allstate filed a renewed motion for costs, Roberson responded, Allstate replied, and Roberson filed an additional objection to Allstate's renewed motion. (Docket Entry Nos. 46, 47, 48, 50).

The court considers the parties' arguments against the applicable legal standard.

## II.   The Legal Standard

Under Federal Rule of Civil Procedure 54, a prevailing party may move for attorney's fees and costs. FED. R. CIV. P. 54(d). 28 U.S.C. § 1927 provides a statutory basis for awarding reasonable fees to "[a]ny attorney . . . who . . . multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. These sanctions are imposed only on offending attorneys—clients may not be ordered to pay such awards. *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525 (5th Cir. 2002); *see also Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc.*, 38 F.3d 1414, 1416 (5th Cir.1994).

To impose sanctions against an attorney, "the district court must find that the sanctioned attorney multiplied the proceedings both 'unreasonably' and 'vexatiously.'" *Procter & Gamble Co.,* 280 F.3d at 525. Such a finding requires evidence of "persistent prosecution of a meritless claim" and "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court," (citations omitted), and is often shown by "repeated filings despite warnings from the court, or other proof of excessive litigiousness." *Id.* "[S]anctions may not be imposed for mere negligence on the part of counsel." *Baulch v. Johns,* 70 F.3d 813, 817 (5th Cir.1995).

4

Because of the punitive nature of § 1927, courts construe it strictly. *See id.* "To shift the entire cost of defense, the claimant must prove, by clear and convincing evidence, that every facet of the litigation was patently meritless, . . . and counsel must have lacked a reason to file the suit and must wrongfully have persisted in its prosecution through discovery, pre-trial motions, and trial." *Procter & Gamble Co.,* 280 F.3d at 526 (citations omitted). A court must "(1) identify[] the sanctionable conduct as distinct from the case's merits, (2) link[] the sanctionable conduct and the sanction's size, and (3) identify[] the legal basis for each sanction." *Morrison v. Walker*, 939 F.3d 633, 638 (5th Cir. 2019) (citing *Procter & Gamble Co.,* 280 F.3d at 526).

## III. Analysis

Allstate argues that it deserves to recover attorney's fees and costs from Roberson's counsel for knowingly pursuing a baseless claim. (Docket Entry No. 46 at ¶ 12). Allstate asserts that Roberson's counsel knew or should have known of evidence disproving her fraud claim, but continued to pursue the claim even after Allstate's counsel informed them of this evidence and tried to persuade them to drop the suit without costs. (*Id.*). For the failure to take these opportunities and continuing to pursue a baseless claim, Allstate requests fees and expenses of $28,102. (*Id.*). Allstate incurred these fees after October 25, 2019, when Egeland emailed Landry informing him of the fraud claim's deficiencies and asking him to stop pursuing the claim. (*Id.*).

Allstate argues that this amount is "reasonable considering the time and labor required and the novelty and difficulty of the issues in the case." (*Id.* at ¶ 14). Allstate filed Egeland's affidavit, which details the firm's billing practices and the amount and type of work it did for Allstate in this case. (Docket Entry No. 46, Exhibit A). Egeland stated that Faegre Drinker billed Allstate $28,102 between October 25, 2019, and February 11, 2020; that this amount of work was appropriate given

the nature of the suit and the expertise of the attorneys working on each task; and that the hourly rates were comparable in the Houston and Dallas legal markets. (*Id.* at ¶ 7).

Roberson's counsel responds that repleading the fraud claim should not warrant granting Allstate attorney's fees and costs under § 1927. (Docket Entry No. 47). Roberson's counsel argues that Roberson agreed to accept a $22,500 settlement following a mediation, which Allstate rejected. (*Id.* at ¶ 5). Roberson's counsel states that, after Roberson rejected a settlement offer, Allstate's lawyer conducted depositions in February 2018 that were "supposedly to 'teach the plaintiff a lesson'" and made misleading statements in Roberson's second suit that led her to voluntarily dismiss based on the belief that Allstate was still trying to settle. (*Id.* at ¶¶ 6–8). According to Roberson, these "facts show Allstate finally accepted liability on the underlying claim," but Allstate "bullied" Roberson for not accepting "the offer last made by Allstate." (*Id.* at ¶ 12).

Roberson's counsel argues that Roberson and her counsel acted in good faith, emphasizing that the court dismissed Roberson's original fraud claim on a narrow ground: that Roberson had not specified when the alleged misrepresentation was made, as Federal Rule of Civil Procedure 9(b) requires. (*Id.* at ¶¶ 9, 12). The court granted permission to amend and extended the time to file the amended complaint. (*Id.*). Roberson's counsel argues that amending the complaint, with the court's permission, "to clear up a very narrow and specific defect as indicated in a prior court ruling can hardly be considered sanctionable conduct" and that this "conduct does not rise to the level of bad faith, improper motive or reckless disregard of the duty owed to the court." (*Id.*) Roberson's counsel asserts that this conduct is not sanctionable, but rather "was done in an effort to zealously represent the Plaintiff." (*Id.* at ¶ 13).

Allstate replied that pursuing the fraud claim was unreasonable and vexatious and that Roberson's counsel's criticisms of Allstate's counsel are unfounded. (Docket Entry No. 48). Allstate again argues that Roberson's counsel knowingly filed a frivolous claim. (*Id.* at ¶ 1). According to Allstate, Roberson's counsel knew the fraud claim was baseless because when Roberson filed the amended complaint, there was no evidence to support the claim, and Roberson's counsel did not conduct any additional discovery after filing the amended complaint, despite the court providing the opportunity. (*Id.*). In addition to the lack of evidence showing fraud, Allstate argues that Roberson's counsel knew or should have known that the fraud claim was meritless because Allstate's counsel informed Roberson's counsel of the deficiencies and Roberson's counsel had the opportunity to drop the claim on three occasions. (*Id.* at ¶ 2). Allstate argues that refiling this claim with the knowledge that it was baseless was unreasonable and vexatious conduct worthy of sanctions, regardless of whether Roberson had permission from the court to refile the claim. (*Id.* at ¶ 3). Allstate contends that $28,102 is an appropriate award because it reflects only a limited portion of Allstate's fees and expenses and Roberson's counsel did not dispute the amount. (*Id.* at ¶ 4).

Allstate also argues that Roberson's counsel's response "strays from the merits of Allstate's Renewed Motion for Costs by including personal attacks on Allstate's counsel; disclosure of confidential settlement communications; and blatant misrepresentations to the Court." (*Id.* at ¶ 5). Allstate argues that it corrected Roberson's counsel's alleged misrepresentations on various occasions, including in Allstate's reply to its original motion for judgment on the pleadings. (*Id.* at ¶ 6; Docket Entry No. 47 at ¶¶ 5–8). According to Allstate, a letter from December 6, 2018, and email from January 11, 2019, further refute Roberson's counsel's allegations. (Docket Entry No. 48 at ¶ 7; Docket Entry Nos. 48-2, 48-3).

Roberson's counsel responded to Allstate's reply by filing an additional objection that Allstate "mispresent[ed] that Plaintiff ha[d] not objected to Defendant's motion for costs." (Docket Entry No. 50). Roberson's counsel filed the objection to take "a belt and suspenders approach to renewing the same objections" raised in Roberson's counsel's response to Allstate's renewed motion for costs. (*Id.*).

The court agrees that Roberson's counsel pursued a meritless claim. As the court has stated, the deposition testimony, available at the time the amended petition was filed, made "clear that Roberson [knew] no basis to find fraud." (Docket Entry No. 44 at 12). Knowingly pursuing a baseless claim can be worthy of sanctions. *See Morrison*, 939 F.3d at 638 (affirming an award of attorney's fees and expenses under § 1927 when the plaintiff's counsel knew that a claim was barred by judicial immunity but still filed two amended complaints before dismissing the claim); *Mercury Air Grp., Inc. v. Mansour*, 237 F.3d 542, 549 (5th Cir. 2001) (the plaintiff's counsel unreasonably and vexatiously multiplied the proceedings by pursuing a blatantly meritless claim, as shown by testimony that the purpose of the suit was to search for a viable cause of action and no evidence supported the response to the summary judgment motion).

Even with these holdings, the record falls short of clear and convincing evidence that Roberson's counsel acted recklessly, in bad faith, or with improper motive. It is just as likely that Roberson's counsel acted negligently or with a misunderstanding of the applicable law. *See Ratliff v. Stewart*, 508 F.3d 225, 234–35 (5th Cir. 2007) (a disagreement with the plaintiff's counsel's legal theory is insufficient to demonstrate improper purpose under § 1927); *Baulch*, 70 F.3d at 817 ("[S]anctions may not be imposed for mere negligence on the part of counsel."); *Smith Int'l, Inc. v. Texas Commerce Bank*, 844 F.2d 1193, 1199 (5th Cir. 1988) ("Merely because plaintiffs and their counsel were mistaken as to the law does not mean that the mistake was unreasonable.").

The court declines to sanction Roberson's counsel for filing the amended complaint with the court's permission. *See Williams v. Sorrells*, No. 3:15-CV-351-M, 2016 WL 1392335, at *3 (N.D. Tex. Apr. 8, 2016) (denying sanctions against the plaintiff's counsel for filing an untimely motion unsupported by any evidence or law because "the filing of this single motion presents neither the persistent prosecution of a meritless claim or the bad faith, improper motive, or reckless disregard necessary for a finding that Plaintiff's counsel has vexatiously and unreasonably multiplied the proceedings in this case."). Roberson's counsel had no duty to heed Allstate's counsel's demand to withdraw the suit. *See Joaquin v. Coliseum Inc.,* No. A-15-CV-787-LY, 2016 WL 7011480, at *4 (W.D. Tex. Nov. 30, 2016) ("[T]he Court finds that Plaintiffs' counsel's failure to heed Defendants' counsel's admonitions is not sanctionable conduct. Counsel is not required to take advice on how to represent clients from opposing counsel, and the Court had not issued any warnings to counsel."). Unlike in cases in which the movants received costs awards, the court did not warn Roberson's counsel of the risk of being sanctioned. *See id.*; *Garcia v. Navasota Indep. Sch. Dist.*, No. CIV.A. H-09-3892, 2011 WL 2193239, at *3 (S.D. Tex. June 6, 2011) ("Persistent prosecution of meritless claims will support sanctions under Section 1927, including repeated filings, often in contravention of repeated warnings from the court, or proof of litigious activities."). Roberson's counsel's attempt to salvage the fraud claim does not sufficiently reflect the "persistent prosecution of a meritless claim" that justifies fees under § 1927. *See Procter & Gamble Co.,* 280 F.3d at 525 (citations omitted).

## IV. Conclusion

Allstate's motion for costs, (Docket Entry No. 46), is denied.

SIGNED on July 17, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge